# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL DEMERY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 18-CV-1419-NJR-DGW |
| ANDY TRAN and WEST BELLEVILLE NAIL SPA, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is a Motion to Remand (Doc. 16) filed by Plaintiff Michael Demery ("Demery"). For the reasons set forth below, the motion is denied.

### Background

This action arises out of an injury that Demery suffered after receiving a pedicure at West Belleville Nail Spa. This case was originally filed in St. Clair County state court on May 31, 2018 (Doc. 1-3, p. 3-15). On July 20, 2018, Defendants Andy Tran and West Belleville Nail Spa ("Defendants") removed the case to this Court, asserting that removal is proper because this Court has original subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1332(a). Defendants alleged that Demery is a citizen of Illinois, and Defendants are both citizens of Missouri. Defendants further alleged that the matter in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." (Doc. 1, p. 2). In support, Defendants attached a settlement demand, whereby Demery previously demanded $135,000 to settle this case (Doc. 1-2, p. 1). Defendants also cited to

the fact that the complaint seeks damages for severe and permanent injuries, past and future lost time, past and future mental and physical anguish, past and future large sums of money for medical care, and past and future lost income and lost earning capacity (Doc. 1-3, p. 5). Further, Defendants cited to plaintiff's counsel's affidavit stating that the money damages sought in this case exceed $50,000, and the complaint demands judgment in excess of $50,000 (Doc. 1, p. 2; Doc. 1-3, pp. 2, 5).

On January 12, 2015, Demery moved to remand the case on the basis that he is seeking damages less than $75,000, but more than $50,000 (Doc. 16). In support, plaintiff's counsel attached an affidavit, dated August 2, 2018, stating under oath that he is seeking damages of less than $75,000 (Doc. 16-1). On August 10, 2018, Defendants filed a response in opposition to Demery's motion, arguing that a post-removal affidavit cannot deprive the court of subject matter jurisdiction (Doc. 18). Demery did not file a reply brief.

**Analysis**

When a case is removed to federal court based on diversity jurisdiction, the amount in controversy is determined based on the plaintiff's complaint at the time of removal. *Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993). The notice of removal need include only a good faith and plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). If the plaintiff contests the defendant's allegation or the court questions it, then the defendant must show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510 (7th Cir. 2006). A defendant can do this "by reference to the plaintiff's informal

estimates or settlement demands . . ." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006). "[U]nless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court." *Back Doctors Ltd. v. Metropolitan Property and Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011).

Here, the notice of removal included a plausible allegation that the amount in controversy exceeded the jurisdictional threshold, based on the allegations of the complaint, the relief sought in the complaint, the settlement demand, and the affidavit (Doc. 1, p. 2). The fact that counsel has now sworn that he is seeking damages of less than $75,000 does not divest this Court of jurisdiction. Jurisdiction is determined as of the instant of removal, and a plaintiff cannot seek remand on the basis of "a post-removal affidavit" limiting damages. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428-30 (7th Cir. 1997). Thus, Demery presents no basis for remand of this case to state court.

## Conclusion

For the reasons set forth above, the Motion to Remand (Doc. 16) filed by Plaintiff Michael Demery is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** October 31, 2018

                                                          s/ Nancy J. Rosenstengel_____
                                                          **NANCY J. ROSENSTENGEL**
                                                          **United States District Judge**